UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEGO SYSTEM A/S, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:15-cv-000823 (VLB) |
| v. | : | |
| | : | |
| RUBICON COMMUNICATIONS, LP | : | June 5, 2017 |
| d/b/a SMALLWORKS | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT [DKT. 53]

Before the Court is LEGO's Motion for Leave to Amend the Complaint. *See* [Dkt. 53]. LEGO seeks to join Rubicon Communications, LLC; Jamie Thompson; and James Thompson as new Defendants. *Id.* at 1. LEGO contends that since July 28, 2015, it has extensively sought discovery regarding Defendants' corporate structure and transactions, [Dkt. 53-1, at 2-3], but it was not until after LEGO conducted depositions in December 2016 that it realized it would be prudent to join the three proposed Defendants. *Id.* at 3. As a result of the depositions, LEGO is now aware that Rubicon Communications, LLC was formed and participated in the allegedly infringing activities and that Jamie and James Thompson, in their capacities as officers and directors of the purportedly infringing entities, directed these entities to infringe Plaintiff's patents. *See id.* at 4-5. Shortly thereafter, LEGO moved for leave to amend the complaint on February 3, 2017.

### Legal Standard

Leave to amend is to be given freely "when justice so requires," Fed. R. Civ. P. 15(a), unless the moving party acted with "undue delay, bad faith or dilatory

1

motive . . . , repeated failure to cure deficiencies by amendments previously allowed," or the amendment would create undue prejudice to the opposing party or be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "where the proposed amendment seeks to add new parties, Fed. R. Civ. P. 21 governs." *Jones v. Smith*, No. 9:09-cv-1058 (GLS/ATB), 2015 WL 5750136, at *25 (N.D.N.Y. Sept. 30, 2015); *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just term, add . . . a party."). Such a distinction is a mere technicality as "the same standard of liberality applies under either Rule." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010); *Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 249 n.4 (D. Conn. 2014) (same); *Brown v. Tuttle*, No. 3:13 CV 1444 (JBA), 2014 WL 3738066, at *2 n.5 (D. Conn. July 30, 2014) (same in a prisoner's civil rights case). When there exists a scheduling order, the lenient standard of Rule 15(a) "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); *Velez v. Burge*, 483 F. App'x 626, 628 (2d Cir. 2012).

## Analysis

SmallWorks does not object to adding Rubicon Communications, LLC as a Defendant in this suit, and accordingly the Court GRANTS LEGO's motion as to this party by consent. *See* [Dkt. 57, at 1].

With respect to James and Jamie Thompson, SmallWorks objects to the motion only on the grounds of futility. SmallWorks argues the motion is futile because (1) LEGO has not pleaded sufficient facts to establish Defendants' specific

intent to knowingly induce infringement as required under 35 U.S.C. § 271(b), (2) LEGO's allegations are insufficient to pierce the corporate veil, and (3) the Court should not pierce the corporate veil because the Thompsons kept their personal finances separate from their business entities.

A court should deny leave to amend for futility when the proposed amended complaint would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *Echeverria v. Utitec, Inc.*, No. 3:15-cv-1840 (VLB), slip op. at 3 (D. Conn. Mar. 17, 2017); *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, No. 12 Civ. 2224 (AJN) (JCF), 2014 WL 406497, at *4 (S.D.N.Y. Feb. 3, 2014) (noting in a patent case that "[a] court may deny a motion to amend for futility only where no colorable grounds exist to support a claim or defense."). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quotations omitted). As with a motion to dismiss, all inferences must be drawn in favor of the plaintiff. *Id.*

The amendments to the Federal Rules of Civil Procedure adopted in April of 2015, effective December 1, 2015, abrogated Rule 84. That Rule consisted of various forms, including Form 18: Complaint for Patent Infringement.[1] The 2015 Advisory Committee Notes on Rule 84 state, "Rule 84 and the Appendix of Forms are no longer necessary and have been abrogated. The abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." The Committee explained that the forms were originally adopted to illustrate the simplicity and brevity of the rules, a purpose which has now been fulfilled. Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment.

Prior to the abrogation of Rule 84 and Form 18, a claim of induced infringement was required to meet the *Twombly/Iqbal* pleading standard. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012)). To state a claim for inducement of patent infringement under 35 U.S.C. § 271(b), "the patentee must establish first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *On Track Innovations Ltd.*, 2014 WL

---

[1] Form 18 set out the standard for direct infringement as follows: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Crypto Research, LLC v. Assay Abloy, Inc.*, No. 16 Civ. 1718 (AMD) (RER), slip op. at 10 (E.D.N.Y. 2017) (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013)).

406497, at *4 (citing *ACCO Brand, Inc.* at the motion to dismiss stage); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (holding that § 271(b) requires "knowledge that the induced acts constitute patent infringement"); *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (same). More specifically, unlike direct infringement "the patentee must show that the accused inducer took an *affirmative act* to encourage infringement with the *knowledge* that the induced acts constitute patent infringement." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) (citing *Global-Tech Appliances, Inc.*, 563 U.S. at 765-66) (emphasis added). Knowledge is attributable to a defendant who acts with willful blindness. *Global-Tech Appliances, Inc.*, 563 F.3d at 766-67.

Here, the proposed amended complaint alleges "Defendants have manufactured, sold, offered to sell and imported and/or currently manufacture, sell, offer to sell, and import, in the United States, a family of LEGO® brick-compatible cases for iPhone, iPod, iPad, and similar devices." [Dkt. 53-2, ¶ 13]. The proposed amended complaint also alleged Defendants operated a website accessible to individuals in the United States where it sells and advertises its products, and it advertises and sells on other sites such as Amazon. *See id.* ¶ 14-19. All "Defendants had and/or have knowledge of the Asserted Patents" as at least two were subject to a Disclosure Statement submitted to the United States Patent & Trademark Office. *Id.* ¶ 20. At all relevant times, Jamie and James Thompson are and have been "exclusive owners and officers of Rubicon Communications, LP,

Rubicon Communications, LLC, and SmallWorks, LLC. They have directed and managed the three corporate entities' conduct." *Id.* ¶ 21.

Several aspects of the proposed amended complaint constitute legal conclusions. *See, e.g.,* [Dkt. 53-2, ¶ 13 (incorporating language found in 35 U.S.C. § 271(a))]. However, allegations of "active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use," can satisfy the pleading standard. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (acknowledging at the summary judgment stage that evidence of active steps is sufficient to show affirmative intent to induce); *Smartwater, Ltd. v. Applied DNA Sciences, Inc.*, No. 12-CV-5731 (JS) (AKT), 2013 WL 5440599, at *9 (E.D.N.Y. Sept. 27, 2013). Assuming the allegations to be true, the fact that the Thompsons were officers and structured the advertising is sufficient to plead the Thompsons acted with willful blindness when acting as the owners and officers, directing, and managing the three entities.

As LEGO has rightly pointed out, "corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010); *Global Traffic Techs. LLC v. Morgan*, 620 F. App'x 895 (Fed. Cir. 2015) (citing same). The proposed amended complaint alleges Jamie and James Thompson were exclusive owners and officers of all three entities, and they directed and managed the corporate conduct. *See* [Dkt. 53-2, ¶ 21]; *see also* [Dkt. 53-6, at 173:4-13 (wherein

6

James Thompson testified that he and his wife were corporate officers of at least Rubicon Communications, LP)]. Given that these allegations and the additional allegations pertaining to the proposed Defendants' direct and indirect infringement of the four patents, the Court finds LEGO has pleaded "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not necessary to address the issue of piercing the corporate veil. *Global Traffic Techs. LLC*, 620 F. App'x at 907 (upholding jury determination of defendant's direct personal liability for inducing infringement despite the absence of finding defendant pierced the corporate veil applicable to derivative liability). Accordingly, granting leave to amend the complaint would not be futile.

Moreover, discovery has revealed that James and Jamie Thompson were the owners, *partners*, and/or members of Rubicon Communications, LP; Rubicon, Communications, LLC; and SmallWorks, LLC. [Dkt. 57-4 (James Thompson Dec.), ¶ 2]. Rubicon Communications, LP was formed on September 27, 2004, as a Texas Limited Partnership pursuant to the laws of Texas. [Dkt. 53-8 (Rubicon Communications, LLC Certificate of Formation)]. It operated as such until it was converted to Rubicon Communications, LLC on June 27, 2014. *Id*. James Thompson testified that Rubicon Communications, LP (d/b/a SmallWorks) sold the iPhone and iPad cases. [Dkt. 53-6, at 43:15-20]. Although the requisite corporate structure documents have not yet been disclosed to Plaintiff through discovery, the assertion that the Thompsons were "partners" sufficiently alleges at this early stage of the case that Plaintiff claims one or both of them were general partners who directed the activities of the partnership during the relevant time sufficient to

put the Thompsons on notice of Plaintiff's claims. A complaint need only state a plausible claim for relief to survive a motion to dismiss. *Twombly*, 550 U.S. at 547.

In addition to putting the Thompsons on notice, the allegations of the proposed amended complaint state a claim for which relief can conceivably be granted. Under Texas law, a "limited partnership" is "a partnership that is governed as a limited partnership under Title 4 and that has one or more general partners and one or more limited partners."[2] Tex. Bus. Org. Code Ann. § 1.002(50); *see* Conn. Gen. Stat. § 34-38f (Connecticut law provides that "the laws of the state under which a foreign limited partnership is organized govern its organization and internal affairs and the liability of its limited partners."). A general partner would be liable for the obligations of the limited partnership or other partners. Tex. Bus. Org. Code Ann. § 153.152(a)(2) (stating a general partner's liabilities in a limited partnership are the same as liabilities without limited partners); *see* Tex. Bus. Org. Code Ann. § 152.304 (establishing that a general partner is jointly and severally liable for the acts of a general partnership). The proposed amended complaint alleges that the Thompsons were "exclusive owners and officers," meaning at least one of them must have been a general partner, which thus sufficiently alleges that they are directly liable for the acts of Rubicon Communications, LP.

---

[2] Title 4 generally pertains to the law of Limited Partnerships. *See* Tex. Bus. Org. Code Ann. chs. 151-154.

## Conclusion

For the aforementioned reasons, the Court hereby GRANTS leave to amend and instructs the Plaintiff to file the amended complaint within 21 days of the date of this order.

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: June 5, 2017**